**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

KANDY F. SWINDELL,         )
                            )
         Plaintiff,    )
                            )
v.                         )  Case No. CIV-13-314-JHP-KEW
                            )
CAROLYN W. COLVIN, Acting  )
Commissioner of Social     )
Security Administration,   )
                            )
         Defendant.    )

## REPORT AND RECOMMENDATION

Plaintiff Kandy F. Swindell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

(10th Cir. 1997)(citation omitted).  The term "substantial

evidence" has been interpreted by the United States Supreme Court

to require "more than a mere scintilla.  It means such relevant

evidence as a reasonable mind might accept as adequate to support

a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)

(quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229

(1938)).  The court may not re-weigh the evidence nor substitute

its discretion for that of the agency.  <u>Casias v. Secretary of

Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).

Nevertheless, the court must review the record as a whole, and the

"substantiality of the evidence must take into account whatever in

the record fairly detracts from its weight."  <u>Universal Camera

Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d

at 800-01.

### Claimant's Background

Claimant was born on March 16, 1961 and was 50 years old at

the time of the ALJ's decision.  Claimant completed her high school

education.  Claimant has worked in the past as a retail cashier and

stocker.  Claimant alleges an inability to work beginning April 8,

2008 due to limitations resulting from back pain radiating to her

legs and feet, foot pain and burning.

## Procedural History

On July 6, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Richard Kallsnick ("ALJ") on July 26, 2011 in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on November 22, 2011. On June 21, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform a full range of light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in rejecting the opinions of all of the physicians who examined Claimant.

## Consideration of Medical Opinion Evidence

In his decision, the ALJ determined Claimant suffered from the severe impairments of heart stents, back problems, diabetes, and

4

high cholesterol.  (Tr. 12).  He concluded that Claimant retained the RFC to perform a full range of light work.  (Tr. 13).  After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of housekeeper, self service attendant, and fast food worker.  (Tr. 21).

Claimant contends that the ALJ improperly rejected all of the opinions of examining physicians rendered in the case.  On August 27, 2010, Claimant was evaluated by Dr. David L. Green.  Dr. Green found Claimant suffered from a nerve entrapment at the medial dorsal cutaneous nerve on both feet, extreme cavus with flattening out upon weightbearing causing tremendous pain to the plantar fascia, abnormal weight distribution throughout the musculoskeletal chain causing extreme back pain, muscle spasms in the legs, knee pain and extreme foot pain, and sciatic pain on the right that was "excruciating and very debilitating."  Dr. Green also noted Claimant had 2+ nonpitting edema in both feet, demonstrated strength of +2/4 in her bilateral gastrocnemius soleus muscles, +2/4 in her bilateral peroneus longus brevis muscles, and +2/4 in her bilateral tibialis anterior muscles.  (Tr. 306).  Dr. Green also reviewed x-rays of Claimant's feet in arriving at his conclusions and assessment.  (Tr. 307). He prescribed an injection of plain Marcaine and Kenalog into the medial dorsal cutaneous

nerves at the trigger point in both feet. (Tr. 307). Dr. Green advised Claimant to stay off of her feet because she would be unable to perform her work. Dr. Green warned that if she did so, she could suffer a heart attack or stroke because of the severity of the pain that she was experiencing. (Tr. 308).

The ALJ gave "little weight" to Dr. Green's opinion, stating that "that doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant and seemed to uncritically accept as true most, if not all, of what the claimant reported." He also questioned the reliability of Claimant's subjective complaints. (Tr. 20).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to

controlling weight, "[t]reating source medical opinions are still

entitled to deference and must be weighed using all of the factors

provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The

factors reference in that section are: (1) the length of the

treatment relationship and the frequency of examination; (2) the

nature and extent of the treatment relationship, including the

treatment provided and the kind of examination or testing

performed; (3) the degree to which the physician's opinion is

supported by relevant evidence; (4) consistency between the opinion

and the record as a whole; (5) whether or not the physician is a

specialist in the area upon which an opinion is rendered; and (6)

other factors brought to the ALJ's attention which tend to support

or contradict the opinion. Id. at 1300-01 (quotation omitted).

After considering these factors, the ALJ must "give good reasons"

for the weight he ultimately assigns the opinion. 20 C.F.R. §

404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th

Cir. 2004)(citations omitted). Any such findings must be

"sufficiently specific to make clear to any subsequent reviewers

the weight the adjudicator gave to the treating source's medical

opinions and the reason for that weight." Id. "Finally, if the

ALJ rejects the opinion completely, he must then give specific,

legitimate reasons for doing so." Watkins, 350 F.3d at 1301

(quotations omitted).

The Tenth Circuit has long admonished the rejection of a treating physician's opinion based upon the unsubstantiated basis that the physician rendered the opinion based upon the "apparent" reliance on a claimant's subjective complaints. "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004) quoting McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002)(quotation omitted).

In this case, Dr. Green relied upon his own examination as well as his objective review of the x-rays of Claimant's feet. He never states in his assessment that his conclusions are based upon Claimant's subjective statements but rather the ALJ merely speculates to reach such a basis for rejecting Dr. Green's opinion. The rejection of Dr. Green's opinion certainly impacted upon the ALJ's RFC finding that Claimant could perform light work. On remand, the ALJ shall reassess his weighing of Dr. Green's opinion.

On August 27, 2011, Dr. Johnson Gourd completed a Medical Source Statement of Ability to Do Work-Related Activities

(Physical) on Claimant. He found Claimant could continuously lift/carry up to 20 pounds and frequently lift/carry up to 100 pounds. (Tr. 331). He also determined Claimant could sit for 6 hours in at one time and total in an 8 hour workday and could stand and walk for 2 hours at one time and total in an 8 hour workday. (Tr. 332).

In his decision, the ALJ inaccurately reflected that Dr. Gourd estimated Claimant could stand for up to 2 hours at one time "and total of 4 hours in an 8 hour workday, and walk 1 hour at a time and up to 2 hours in an 8 hour workday." (Tr. 17). This erroneous recitation of Dr. Gourd's findings would allow Claimant to stand/walk for a total of 6 hours which was contrary to the physician's limitation of a total of 4 hours for this activity. This conclusion improperly allowed the ALJ to assess an RFC for light work which requires the ability to stand/walk for 6 hours. In effect, the ALJ gave Dr. Gourd's opinion "great weight" while rejecting a portion of his findings. On remand, the ALJ shall re-evaluate his findings in connection with Dr. Gourd's opinion and modify his RFC assessment as required.

On August 24, 2011, Claimant was assessed by Dr. Sherman Lawton. Among the functional limitations found by Dr. Lawton was a restriction to only occasional reaching. (Tr. 321). While

9

affording Dr. Lawton's opinion "great weight," the ALJ did not accommodate the physician's restriction on reaching in his RFC. (Tr. 20). Since the *Dictionary of Occupational Titles* requires frequent to constant reaching in the three jobs identified by the vocational expert, the omission of this restriction or an explanation for the rejection of the restriction constitutes error. The ALJ shall re-evaluate his RFC findings in light of Dr. Lawton's limitation upon Claimant's ability to reach.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of February, 2015.


_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE